UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 05-93S |
| | : | |
| ROGELIO RODRIGUEZ-LUNA | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether the Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, Defendant initially appeared on July 11, 2007 and a subsequent revocation hearing was held on July 31, 2007, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to one of the charged violations. At the hearing, I ordered Defendant detained pending my Report and Recommendation and final sentencing before District Judge William E. Smith. Based upon the following analysis and the admission of Defendant, **I recommend that the Defendant be committed to the Bureau of Prisons for a term of thirteen (13) months of incarceration, followed by a term of supervised release for a period of twenty-three (23) months. I further recommend the following special conditions:**

**1. Defendant is to be surrendered to a duly-authorized immigration official for deportation in accordance with the established procedures provided by the Immigration & Naturalization Act, Title 8, United States Code, Section 1101 et. seq. and Title 18 U.S.C. § 3583(d). Further, if deported, the defendant shall**

**remain outside the United States, unless granted permission to re-enter by the Attorney General of the United States; and**

2. **Defendant is to participate in a program approved by the Probation Department for alcohol and substance abuse, which program may include testing to determine whether he has reverted to the use of drugs or alcohol. Defendant shall submit up to seventy-two drug tests per year upon completion of the term of imprisonment.**

## Background

On May 25, 2007, the Probation Office petitioned the Court for the issuance of a Warrant for Defendant's arrest. On May 25, 2007, the District Court reviewed the request and ordered the issuance of a Warrant. On July 31, 2007, Defendant knowingly and voluntarily admitted to the following charge[1] and waived his right to a revocation hearing under Fed. R. Crim. P. 32.1(b)(2):

> **The defendant shall be surrendered to Immigration Officials for deportation proceedings under the Immigration and Naturalization Act, and if deported shall remain outside the United States, unless granted permission to re-enter by the Attorney General of the United States.**
>
> On June 6, 2006, Mr. Rodriguez was deported from the United States to Mexico. On September 10, 2006 and April 29, 2007, he was arrested in Pharr, Texas.

As the Defendant has admitted this charge and knowingly and voluntarily waived his right to a revocation hearing, I find he is in violation of the terms and conditions of his supervised release.

## Recommended Disposition

Section 3583(e)(2), 18 U.S.C., provides that if the Court finds that Defendant violated a condition of supervised release, the Court may extend the term of supervised release if less than the

[1] Defendant was also charged with two violations arising out of arrests for driving offenses in Pharr, Texas on September 10, 2006 and April 29, 2007. These violations were withdrawn by the Government and dismissed by the Court as part of a "plea agreement" whereby Defendant agreed to admit the remaining "re-entry" violation.

maximum term was previously imposed. In this case, the maximum term of supervised release was previously imposed, therefore, the term cannot be extended.

Section 3583(e)(3), 18 U.S.C., provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term or supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence. In this case, Defendant was on supervision for a Class C felony. Therefore, he may not be required to serve more than two years' imprisonment upon revocation.

Pursuant to 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. In this case, the authorized statutory maximum term of supervised

release is three years. There has not been any term of imprisonment previously imposed for violations of supervised release. Therefore, the Court may impose the above-noted statutory maximum, minus the term of imprisonment that is to be imposed for this revocation.

Section 7B1.1 of the Sentencing Guidelines provides for three grades of violations (A, B, and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) provides that upon a finding of a Grade C violation, the court may revoke, extend, or modify the conditions of supervision. In this case, Defendant has committed a Grade B violation. Therefore, the Court shall revoke supervision.

Section 7B1.3(c)(1) provides that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence that includes a term of supervised

release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term. Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. Neither of these provisions apply to this matter.

Section 7B1.3(d) states that any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment. In this case, there is no outstanding restitution, fine, community confinement, home detention or intermittent confinement.

Section 7B1.4(a) of the USSG provides that the criminal history category is the category applicable at the time Defendant was originally sentenced. In this instance, Defendant had a criminal history category of IV at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range. In this case, Defendant committed a Grade B violation

and has a Criminal History Category of IV. Therefore, the applicable range of imprisonment for this violation is twelve to eighteen months.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Offender's Characteristics**

Defendant is a Mexican citizen who was deported from the United States in 2002 and 2006. Defendant's wife and two children reside in Oklahoma and are United States citizens. While in this country illegally, Defendant appears to have been steadily employed in landscaping and construction. Defendant's criminal history relates primarily to attempts to hide his unlawful immigration status (giving a false name to police) and his history of alcoholism (domestic assault, driving while intoxicated, etc.). According to the Presentence Investigation Report dated February 14, 2006, Defendant was charged with leaving the scene of an accident in 1999 resulting in significant bodily injury to the victim of the other vehicle.

In 2006, Defendant plead guilty to illegal reentry in this Court. The guideline range for his sentence was fifteen to twenty-one months. On March 3, 2006, Judge Smith sentenced Defendant to a below-guidelines sentence of ten months and, as a special condition of supervised release, ordered that Defendant be surrendered to immigration officials upon release for deportation and that he remain outside the United States thereafter, unless granted permission to reenter by the Attorney General. Although he was deported on June 6, 2006, Defendant promptly returned from Mexico as evidenced by his arrest in Texas on September 10, 2006 in blatant disregard of Judge Smith's Order.

The guideline range on this violation case is twelve to eighteen months. At the hearing, Defendant's counsel argued for a six-month sentence based on Defendant's steady employment record and the fact that employment/economic reasons, and not the intent to engage in criminal activity such as drug dealing, was the motivation for Defendant's unlawful return. The Government sought a low-end, twelve-month sentence in view of Defendant's admission to the violation. One of the sentencing factors that must be considered under 18 U.S.C. § 3553(a) is the need for adequate deterrence. Obviously, Judge Smith's ten-month sentence did not deter Defendant, and the six-month sentence proposed by Defendant would likely not deter him.[2] Another § 3553(a) factor that must be considered is the need to protect the public from further crimes of Defendant. Here, Defendant's alcoholism and proclivity to drive while intoxicated presents a significant public danger. Based on these reasons and giving Defendant appropriate credit for admitting the violation, this Court recommends a "low-end" sentence of thirteen months' incarceration to be followed by a further term of supervised release of twenty-three months, with special conditions.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a), **I recommend that the Defendant be committed to the Bureau of Prisons for a term of thirteen (13) months of incarceration, followed by a term of supervised release for a period of twenty-three (23) months. I further recommend the following special conditions:**

1. **Defendant is to be surrendered to a duly-authorized immigration official for deportation in accordance with the established procedures provided by the**

[2] At the hearing, the Government could not definitively answer if Defendant would be prosecuted for his 2006 illegal reentry in addition to his prosecution for the violation. Hopefully, the Government will be able to provide that information to Judge Smith at the time of final sentencing, as it may impact his sentencing analysis in this violation case.

**Immigration & Naturalization Act, Title 8, United States Code, Section 1101 et. seq. and Title 18 U.S.C. § 3583(d). Further, if deported, the defendant shall remain outside the United States, unless granted permission to re-enter by the Attorney General of the United States; and**

2. **Defendant is to participate in a program approved by the Probation Department for alcohol and substance abuse, which program may include testing to determine whether he has reverted to the use of drugs or alcohol. Defendant shall submit up to seventy-two drug tests per year upon completion of the term of imprisonment.**

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. LR Cv 72; Fed. R. Civ. P. 72(b). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 2, 2007